IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Plaintiff,<br><br>v.<br><br>THE METALLIC PRODUCTS CORPORATION<br>Defendant. | § § § § § § § § § § | CIVIL ACTION NO. _____<br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1.      This is an action under the Age Discrimination in Employment Act, *as amended*, to correct unlawful employment practices on the basis of age, and to afford appropriate relief to Jeronimo Vidals ("Vidals" or "Charging Party") who was adversely affected by such practices.  Defendant The Metallic Products Corporation ("Metallic" or "Defendant") unlawfully discriminated against Mr. Vidals by discharging him, on his seventieth (70th) birthday, because of his age.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, *as amended*, 29 U.S.C. §626(b), ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. §§216(c) and 217.

3.	Venue is proper in this Court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4.	Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. §626(b), *as amended*, by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5.	At all relevant times, Defendant Metallic has continuously been and is now doing business in the State of Texas and the City of Houston and has continuously had more than 20 employees.

6.	At all relevant times, Metallic has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 11(b)(g) and (h) of the ADEA, 29 U.S.C. §§630(b)(g) and (h).

7.	Defendant may be served with process by and through its registered agent, Daryl Wendt at 7777 Hollister Road, Houston, Texas 77040.

## CONCILIATION

8.	Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuation within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b)

**STATEMENT OF CLAIMS**

9. Since at least July 2006, Metallic has engaged in unlawful employment practices at its facility in Houston, Texas, in violation of Sections 4(a)(1) and 7(b) of the ADEA, 29 U.S.C. §§623(a)(1) and 626(b).

10. In or about July 2006, Metallic adopted a mandatory retirement policy. Under Metallic's mandatory retirement policy, employees were required to retire from employment with Metallic at the age of seventy (70).

11. Jeronimo Vidals was hired by Metallic in 1981 as a general laborer. He continued to work in that general capacity throughout his tenure with the company.

12. Before his 70th birthday, Metallic notified Mr. Vidals that under its mandatory retirement policy, he would be required to retire from the company upon reaching 70 years of age.

13. Metallic discharged Mr. Vidals on his 70th birthday pursuant to its mandatory retirement policy.

14. Metallic advised the Commission that it discharged Mr. Vidals pursuant to its mandatory retirement policy.

15. Metallic advised the Texas Workforce Commission that it discharged Mr. Vidals pursuant to its mandatory retirement policy.

16. At the time of his termination, Mr. Vidals was performing his job duties in a satisfactory manner. At the time of his termination, Mr. Vidals had not been issued any disciplinary action due to unsatisfactory performance or attendance.

17. The effect of these unlawful practices has been to deprive Mr. Vidals of equal employment opportunities, and to otherwise adversely affect his status as an employee because of his age, over 40.

18. The unlawful employment practices described above may have adversely affected other individuals over the age of 40 because of their age.

19. The unlawful employment practices described above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

20. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in an employment practice which discriminates on the basis of age against individuals 40 years of age or older;

21. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant from enforcement of its mandatory retirement policy and order that such mandatory retirement policy be repealed;

22. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who has opposed any practice made unlawful by the ADEA or who has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under the ADEA;

23. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

24. Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices;

25. Order Defendant to make Mr. Vidals whole by providing appropriate back pay, in amounts to be determined at trial, and an equal sum as liquidated damages for Defendant's willful violation of the ADEA and prejudgment interest;

26. Order Defendant to make Mr. Vidals whole by providing any other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement into a comparable position or award front pay in the amounts to be proven at trial if reinstatement is impractical;

27. Award the Commission its costs in this action;

28. Grant the Commission such other and further relief as the Court deems necessary and proper in the public interest, including post-judgment interest.

## **JURY TRIAL DEMANDED**

29. The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

P. David Lopez
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M. Street, NE
Washington, D.C. 20507


By: /s/ *Kathy D. Boutchee*
    Kathy D. Boutchee
    Attorney-in-Charge
    TBN: 02717500
    SDN: 10145
    Claudia-Molina Antanaitis
    SDN: 1037069
    EEOC, Houston District Office
    1919 Smith Street, 6th Floor
    Houston, Texas 77002
    (713) 209-3399
    Fax: (713) 209-3402
    Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

OF COUNSEL
Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney

Houston District Office
1919 Smith, 6th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402

P:\MetallicProducts\Pleadings\Metallic-OriginalComplaint.wpd